```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
SHERMAN EMANUEL BROWN,              :
                                    :
                Plaintiff,          :
                                    :    07 Civ. 09789 (RJH)(THK)
        -against-                   :
                                    :           ORDER
                                    :
RITA FLYNN, et al.,                 :           Pro Se
                                    :
                Defendants.         :
------------------------------------X
```

**USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: ___ DATE FILED: 7/21/08**

**THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE**

This action has been referred to this Court for general pretrial supervision and dispositive motions requiring a Report and Recommendation. Plaintiff, proceeding pro se and currently incarcerated at Orange County Jail, brings this action under the Americans With Disabilities Act (the "ADA"), and the Eighth and Fourteenth Amendments to the United States Constitution, alleging that Defendants improperly denied him access to a motor vehicle while he was on parole, and then retaliated against him for complaining about that denial. Presently before the Court is Plaintiff's Application for Appointment of Counsel. For the reasons set forth below, Plaintiff's application is denied.

Civil litigants, unlike criminal defendants, do not have a constitutional right to the appointment of counsel. See Gardner v. New York, No. 04 Civ. 4675 (LTS) (DF), 2005 WL 696953, at *1 (S.D.N.Y. Mar. 24, 2005); Mackey v. DiCaprio, 312 F. Supp. 2d 580, 581 (S.D.N.Y. 2004). However, under 28 U.S.C. § 1915(e)(1),

a court may appoint pro bono counsel to represent plaintiffs in civil cases. In this Circuit, "[d]istrict courts exercise substantial discretion in deciding whether to appoint counsel . . . ." Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 203 (2d Cir. 2003). In deciding whether to appoint counsel, "the district judge should first determine whether the indigent [plaintiff]'s position seems likely to be of substance." Id. (citing Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986)); see also Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994) ("[T]he threshold requirement in considering a request for appointment of counsel [is] the likelihood of success on the merits of the claim.") (citing Hodge, 802 F.2d at 60-61). If this threshold requirement is met, a court "should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues, and any special reason in that case why appointment of counsel would be more likely to lead to a just determination." Wenger v. Canastota Cent. Sch. Dist., 146 F.3d 123, 125 (2d Cir. 1998) (citing Hodge, 802 F.2d at 61-62).

Applying these factors to the Complaint, the Court concludes that this action does not merit the appointment of counsel at this stage in the litigation. At this point, based on only the Complaint and Answers, the Court does not believe that there is likely to be a great deal of substance in Plaintiff's claims. As set forth above, his claims stem primarily from what he argues was an improper denial of the right to use a motor vehicle while on parole. Plaintiff's Certificate Of Release To Parole Supervision, however, specifically states that he was prohibited from using a motor vehicle unless he obtained written permission to do so from his parole officer. (See Amended Complaint, Ex. 13.) Thus, it appears that the expectation was that Plaintiff would not be allowed to operate a motor vehicle while on parole. Morever, it is entirely unclear that Plaintiff can use the ADA to insist upon accommodations that might, for example, present safety issues to the general public. Indeed, it is unclear that the ADA is applicable in the context of a relationship between a parolee and those supervising his parole. In all events, however, it is clear that the alleged wrongdoing at issue here does not provide a basis to state claims under the Eighth or Fourteenth Amendments to the United States Constitution.

Further, Plaintiff appears able, at this pretrial stage of his case, to deal with the straightforward factual and legal issues involved in this litigation. He has filed articulate letter requests for extensions of time and to amend his Complaint, in which he cited applicable caselaw from the Second Circuit. This matter also appears to present a legal question, not a factual one, so the discovery will not be that complex or difficult.

This decision is without prejudice to a renewed application at a later stage in this proceeding. Accordingly, Plaintiff's application is denied.

**SO ORDERED.**

_____
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated:   July 21, 2008
         New York, New York

4

Copies mailed this date to:

Sherman Brown
Orange County Jail
110 Wells Farm Road
Goshen, NY 10924

Steven N. Schulman
Attorney General of the State of New York
120 Broadway
New York, NY 10271