UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------X

SHERMAN EMMANUEL BROWN,                    :

                Plaintiff,     :     07 Civ. 9789 (RJH)(THK)

     -against-                         :

                           :     **ORDER**

RITA FLYNN, CATHY GRAHAM, DAVE    :     (PRO SE)
BUSH, and GAYLE WALTHAUL,                   :

           Defendants.     :

------------------------------X

**THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.**

     This action has been referred to this Court for general pretrial supervision. On September 8, 2008, the parties discussed the claims and defenses in this case, as well as scheduling of pretrial discovery, during a telephone conference with the Court.

     Plaintiff did not timely file his proposed Second Amended Complaint (the "S.A.C."). Defendants object to granting leave to file the S.A.C. to the extent that adjudication of new claims asserted therein may implicate the validity of Plaintiff's ongoing parole revocation hearing, in violation of the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746 (1971). Upon review, the Court perceives that, in addition to Plaintiff's discrimination claim, the S.A.C. further alleges a retaliation claim under the Americans with Disabilities Act. Specifically, Plaintiff claims that Defendant Rita Flynn ("Flynn") retaliated against Plaintiff for complaining of discrimination and bringing this lawsuit by selectively enforcing the condition of Plaintiff's

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #.
DATE FILED: 9/9/08

parole that he not fraternize with other parolees.  (See S.A.C. ¶¶
47-49.)    Plaintiff  alleges  that  he  was  "singled  out"  for
fraternizing  with  an  individual  named  Sam  Gittens  ("Gittens").
(See id. ¶ 48.)   Flynn arrested Plaintiff and charged him with
fraternization, but did not arrest or charge Gittens, according to
the S.A.C.   (See id. ¶¶ 47-49.)

The  Court  may  safely  address  the  merits  of  Plaintiff's
retaliation claim, and the rest of the claims in the First Amended
Complaint, without interfering with the ongoing parole revocation
procedures.  Accordingly, it is ORDERED that:

1. The First Amended Complaint is deemed to be amended to
include the allegation that Plaintiff was selectively prosecuted
for  fraternizing  with  another  parolee  in  retaliation  for
complaining of discrimination and bringing this action.

2. Defendants shall respond to that allegation by either
admitting or denying it by September 24, 2008.

3. The parties shall complete all discovery by February 13,
2009.

4. There shall be no further amendment of pleadings or joinder
of additional parties without good cause shown.

5. Dispositive motions, including any motion for summary
judgment, shall be filed by March 16, 2009.

6. Any response in opposition shall be filed by April 15,
2009.

7. Any reply shall be filed by April 29, 2009.

SO ORDERED.

THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated: September 9, 2008
        New York, New York

Copies Sent to:

Sherman E. Brown
Orange County Jail
110 wells Farm road
Goshen, NY 10924

David M. Hoovler
Ostrer Rosenwasser, LLP
111 Main Street
Suite 217
P.O. Box 509
Chester, NY 10918

Steven N. Schulman
Assistant Attorney General
120 Broadway
New York, NY 10271